IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


**DANIEL J. RYAN IV**,

    Plaintiff,

  v.                                No. CIV 12-0655 MV/SMV

**MR. DONALD MORRISON,**
**MS. MARCIA MILNER**,

    Defendants.


MEMORANDUM OPINION AND ORDER

      This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's complaint. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed *in forma pauperis* ("IFP"). The filing fee for this civil rights complaint is $350.00. Based on the information in Plaintiff's filings, the Court will grant Plaintiff's IFP motion and waive the initial partial payment pursuant to § 1915(b)(1). Under §1915(b)(1), (2), Plaintiff must pay the full amount of the filing fee in installments. For the reasons set out below, the Court will dismiss the complaint.

**I.    Applicable Legal Standards.**

      The Court shall dismiss an *in forma pauperis* complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint with prejudice *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail

on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

**II. Allegations in the Complaint.**

The Complaint alleges that, during Plaintiff's federal prosecution for distribution of child pornography, the Defendants--a Federal Defender and a CJA panel attorney--provided ineffective assistance in his criminal proceeding. Specifically, Plaintiff contends that Defendant Morrison, the federal public defender, told Plaintiff that he "would not try my case if [Plaintiff] elected to [go to trial]" that Morrison did "not explain" his plea "paperwork" or make recommendations or negotiations; that Morrison "pushed" him to accept a "shoddy" plea agreement; and that Morrison "begged off" the case "minutes after" Plaintiff told him he was "unhappy with the deal." Compl. at 3. Plaintiff contends that there were unidentified "statements in my PSI that should have been 'red flagged' by Defense Counsel, but were not," allegedly resulting in a loss of due process. Compl. at 7. He complains that Defendant Milner, the CJA attorney, was hard "to reach" and offered "little assistance" other than to "be in court at the sentencing." *Id.* at 3. Plaintiff contends that Defendants' conduct further violated his due process rights because they failed to inform him of his "rights to challenge the sentence . . . or ineffective assistance." Compl. at 7. The Complaint does not specify the relief that Plaintiff seeks.

### III.     Background Facts.

The Court takes judicial notice of several relevant facts established in Plaintiff's prior criminal proceedings.  *See United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (stating, "we may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand").  Plaintiff signed the plea agreement in his criminal case on June 12, 2008.  *See United States v. Ryan*, No. 08cr00797 JAP/ACT Doc. 21 (D.N.M. June 12, 2008).  At a hearing held the same day, Plaintiff acknowledged "receipt of [the] Indictment or Information;" the Court orally outlined the "terms and conditions of proposed plea agreement" as well as the "factual predicate to sustain the plea;" the Court questioned Plaintiff about his "age, physical/mental condition, under the influence of alcohol, drugs, or any medication, and advise[d] Deft of charge(s) and possible consequences of the plea;" the Court advised Plaintiff "of [his] constitutional rights, loss of rights, and maximum possible penalties (including imprisonment, fine supervised release, probation, SPA, restitution, and any forfeitures);" the Court asked Plaintiff if he had sufficient time "to consult with [his] attorney and if [he was] satisfied with his or her representation;" and the Court determined that Plaintiff "fully understands charge(s), terms of plea, and the consequences of entry into plea agreement;" after which time Plaintiff testified to an "[a]llocution [] on elements of [the] charges" to which he was pleading guilty.  *See id.* Doc. 22.  The minimum sentence for each of the three charges to which Plaintiff pleaded guilty was five years, and Plaintiff could have been sentenced to twenty-years imprisonment on each charge.  *See* Doc. 21 at 2.

Morrison filed a motion to withdraw as Plaintiff's attorney on August 14, 2008, *see id.* Doc. 24, and the Court appointed Milner as counsel four days later, on August 18, 2008, *see id.* Doc. 26. Milner met with Plaintiff in October about the reasons Morrison withdrew, then requested and

3

obtained a continuance so that she would have time to fully review the presentence report.  *See id.* Doc. 28.  Milner attempted to meet with Plaintiff three times in January, 2009, and when he refused to meet with her and then failed to respond properly to her questioning, she moved for, and obtained, a psychiatric evaluation and another continuance.  *See id.* Docs. 31, 32, 35.  After attending meetings with a psychiatrist and Plaintiff, Milner requested, and obtained, further evaluation and treatment for Plaintiff in a mental facility.  *See id.* Docs. 44, 45.  After more than a year of treatment, Plaintiff stipulated on March 30, 2010, that he was competent to continue the sentencing proceedings.  *See* Docs. 48, 49.  Plaintiff was sentenced on April 5, 2010, as provided in his plea agreement, to three terms of 120 months for each charge, to be served concurrently.  *See* Doc. 21 at 3-4; Doc. 50 at 1-2.  He did not appeal from that conviction and sentence.

On June 15, 2012, more than two years after his conviction became final, Plaintiff filed both this Complaint and a petition for writ of habeas corpus under 28 U.S.C. § 2255, similarly contending that his attorneys were ineffective because they "did not advise him of his right to challenge his sentence."  *United States v. Ryan*, No. 12cv654 JP/ACT Doc. 5 at 2 (D.N.M. Aug. 20, 2010).  The Court dismissed his habeas petition as untimely.  *See id.* at 3.

**IV.    Analysis.**

No federal civil relief is available on Plaintiff's claims against the named Defendants.  A complaint under 42 U.S.C. § 1983 must allege facts demonstrating the two elements of the statute: that a federal right was violated and that the deprivation was caused by a person acting "under color of state law."  *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Houston v. Reich*, 932 F.2d 883, 890 (10th Cir. 1991).  In the absence of a factual basis for either element a complaint does not state a claim under § 1983.  *See, e.g., West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff . . . must show that the alleged deprivation was committed by a person acting under

4

color of state law."). Case law is clear that neither a public defender nor an appointed private attorney acts under color of state law for purposes of § 1983 when undertaking the defense of a criminal defendant. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Harris v. Champion*, 51 F.3d 901, 909-10 (10th Cir. 1995), *abrogated in part on other grounds by* Federal Courts Improvement Act of 1996 § 309(c), 42 U.S.C. § 1983 (2006). Because Plaintiff's allegations do not state federal civil-rights claims for relief against the Defendants, the Court will dismiss his Complaint.

Further, no allegations support Plaintiff's claim that he was denied his civil or constitutional rights. As noted above, Plaintiff signed the plea agreement; the Court outlined the terms of the agreement and explained to him the consequences of signing it; and Plaintiff informed this Court that he was satisfied with his representation and that he was, indeed, guilty of the crimes committed. The plea agreement expressly provided that Plaintiff could withdraw his plea, if he so chose, but that, by signing the agreement, he also "waives the right to appeal his conviction and/or any sentence within the statutory maximum provided by law." *Ryan*, No. 08cr797 JAP/ACT Doc. 21 at 5 (D.N.M. June 12, 2008). Thus, Plaintiff had no right to appeal from his sentence, and his attorneys' failure to advise him that he had a right to appeal was not ineffective assistance and did not violate Plaintiff's civil or constitutional rights.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is GRANTED, and the initial partial payment is WAIVED;

**IT IS FURTHER ORDERED** that Plaintiff's complaint is DISMISSED with prejudice, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE